[No. 7832.]

## KEELER v. HOYT.

1. EVIDENCE—*Reports of Supreme Court,* published by the authority and command of the law, are competent evidence of the determinations of that court in a particular cause, where, in another cause, such determination is in issue. (121, 122)

2. ATTORNEY AND CLIENT—*Contracts Between,* are construed most favorably to the interest of the client, and the attorney is held to strict compliance with his undertaking. (122)

3. ——*Contract Construed.* The contract between client and attorney provided that the attorney should be entitled to a certain fee if the supreme court should "uphold the validity of" a certain issue of county bonds. In a cause conducted by the attorney, the same for which he was employed, the validity of the bonds was affirmed by the supreme court, against all objections thereto made in that litigation. The fact that other objections were afterwards raised by the client, constitutes no defense to an action for the attorney's fee; nor does the raising of objections by others, no attempt being made to show the facts upon which these objections were founded. (123)

4. EVIDENCE—*Witness—Competency.* The defendant is not a competent witness in his own behalf as to facts occurring before death where the plaintiff sues as executrix. (123)

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Mr. ARTHUR PONSFORD and Mr. CHAS. F. CARNINE, for plaintiff in error.

No appearance for defendant in error.

CHIEF JUSTICE MUSSER delivered the opinion of the court:

Lucius W. Hoyt, an attorney at law, entered into a contract with the plaintiff in error, wherein Mr. Hoyt agreed to act as attorney in a suit, about to be instituted,

to test the validity of an issue of $350,000 of Pueblo County Refunding Bonds, theretofore authorized at an election in that county, and as stated in the contract, "only in the event that the supreme court upholds the validity of said bonds, then in consideration of said services of said Hoyt, said Keeler agrees to pay said Hoyt the sum of One Thousand Dollars ($1,000.00), provided further; if said Keeler sells said bonds on a 4.20% basis, or better, then said Hoyt is to receive from said Keeler an additional $250.00 or $1,250.00 in all; further provided if said Keeler sells said bonds on a 4⅛% basis or better, then said Hoyt is to receive from said Keeler an additional $250.00 or $1,500.00 in all; it being first understood that if Pueblo County at any time after November 2, 1909, cancels the sale of said bonds to said Keeler, before a decision is rendered by the said supreme court, then said Hoyt is to receive nothing except costs disbursed and expenses."

After Mr. Hoyt's death, the executrix brought an action against the plaintiff in error to recover for the services rendered by Mr. Hoyt under the contract, and obtained a judgment for $1,190.00, which was the $1,000.00 provided for and the accumulated interest. But two questions are discussed in the brief.

1. For the purpose of proving the result in the supreme court in the suit mentioned in the contract, there was offered and admitted as testimony for the executrix the reported decision of the case of *Manly v. The Board of County Commissioners of Pueblo County,* reported in Vol. 46 of the Colo. Rep., p. 491, which was the suit referred to in the contract as about to be instituted. This was objected to on the ground that it was not the proper way to prove the action of this court. It is claimed that the record of the court, or a certified copy thereof, should have been introduced. The reports of the supreme court of this state are published, by the authority and at the command of law, as the official opinions of the court. As the contract specified that the attorney should receive

pay for his services, only in the event that the supreme court upheld the validity of the bonds, there was no better proof of what that court did hold than the reported official opinion published as commanded by law. Some comment is made that there was a failure to show anything with reference to the proceedings in the district court more than that the suit was brought from the district court to the supreme court. It was admitted that Mr. Hoyt acted as attorney in the district court. There was no charge made in the answer or anywhere else that the attorney neglected his duty or in any manner failed to carry out his contract as to the case in the district court. In the absence of any such neglect or dereliction, on the part of the attorney, it was immaterial what disposition was made of the case in the district court for the fee was to be paid only in the event that the supreme court upheld the validity of the bonds. The very fact that it reached the supreme court and was determined there is proof that it was instituted and prosecuted to final judgment in the district court, and that was ample, inasmuch as no claim was made that the attorney neglected the case or was guilty of wrong or failure in any way.

2. It is next claimed that the evidence failed to show that Mr. Hoyt had complied with the contract. The opinion in the 46 Colo. states that three objections were raised in this court as to the validity of the bonds, and, after a discussion of those objections, it was held that each of them was untenable, and the judgment of the district court, which had refused to enjoin the issuance of the bonds, was affirmed. It is claimed that holding bonds valid against three objections does not uphold their validity as against other objections which might have been raised, and which this court did not dispose of. It is true that an attorney should be held to a strict compliance with any contract of employment he may make with a client, and that such a contract should be construed most favorably to the interests of the client as stated in the authorities cited in the brief. But to hold in this case that the contract was not complied with would be carrying

the rule beyond the limit of reason and beyond any of the cases cited. There is no bad faith, neglect, wrong or dereliction, on the part of the attorney, or of anyone connected with the suit, charged or claimed. It is not charged or claimed that any other objections could have been raised against the bond issue than were raised, in view of the facts present in the case. It is not to be presumed that an attorney would raise an objection that in the light of the facts would be wholly and plainly untenable or frivolous, or that, through neglect, bad faith, or incompetence, he would fail to raise one that was worthy of being raised. So that when the case was presented to and determined by this court, as it was, the reported opinion in the case was at least *prima facie* evidence, if not more, that the supreme court had upheld the validity of the bonds.

To rebut this *prima facie* case, all that was attempted was to show, by the plaintiff in error, that the latter had himself, after the decision in this court, raised certain objections to the bonds that had not been passed upon. That was clearly incompetent. The record is not quite clear, but it may be that there was an attempt to show that someone else had raised some of these objections also. This was incompetent. Objections could have been easily raised by anyone. The raising of objections would not prove the invalidity of the bonds, nor that this court had not upheld their validity. A party to such a contract can not defeat it in such a self-serving way as raising objections, and claiming that these objections had not been passed upon by the court. As we read the record, it was only attempted to show that the objections had been raised by the plaintiff in error and perhaps by some other person, and it was not attempted to show that the facts existed upon which the objections were supposed to be based. If it be claimed that this is what was attempted, the answer is, that because those facts occurred and existed before the death of Mr. Hoyt, the plaintiff in error, by reason of the statute, was not a competent witness to prove them, for he was the defendant in the case brought

against him by the executrix. The action mentioned in the contract as about to be instituted was brought by Mr. Manly to restrain the county commissioners from issuing the bonds. Mr. Hoyt represented the defendants. He was employed for that purpose. He did the work he was employed to do. He defended the bond issue against the assaults made upon it, and the validity of the bonds was upheld in this court. No charge was made, nor proof offered that there were any reasons kept from the court which would have made the bonds invalid or even render their validity questionable. Under these circumstances, we think the judgment should be affirmed, and it is so ordered.

*Judgment affirmed.*

Mr. Justice Gabbert and Mr. Justice Hill concur.