No. 15,172.

Ferch *v.* Morris.

(151 P. [2d] 187)

Decided June 19, 1944.   Rehearing denied August 21, 1944.

Mr. Felix L. O'Neill, Mr. Oval A. Phipps, for plaintiff in error.

**516**

Mr. HAROLD G. KING, Mr. JOHN J. MORRISSEY, Mr. WILLIAM H. SCOFIELD, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

PLAINTIFF in error, plaintiff below, brought this action for damages for injuries to his person, clothing and business, allegedly inflicted by defendant in error Morris, when the latter assaulted and battered him on February 27, 1938. He asked for a judgment for fifty-five hundred dollars, actual, and five thousand dollars, exemplary, damages and a body execution. The answer recites defenses of general denial, self-defense, that plaintiff was a trespasser, assault was provoked, and that defendant had been criminally prosecuted for the assault and paid a fine therefor. The matter was tried to a jury which returned a verdict for defendant. Reference will be made to the parties as designated in the trial court. Plaintiff seeks reversal on a writ of error.

The factual situation giving rise to the litigation was as follows: Defendant had for a number of years been a lessee of some state land near Ramah, but a short time prior to February 27, 1938, plaintiff had overbid him for the lease. Controversies had arisen between plaintiff and the State Land Board as to the value of the improvements and on the day of the occurrence of the incident here involved plaintiff had been out to the land to inspect the improvements and was leaving the premises when the alleged assault took place. It is conceded that the evidence on the principal issues of aggression, self-defense, trespass and provocation was conflicting, and since there is no specification of error on the insufficiency of the evidence to support the verdict, we need not detail the testimony concerning the assault. The points urged for reversal are based on "the grounds that improper and prejudicial evidence was permitted by the

court to be presented to the jury," viz: 1. Admitting evidence of a prior conviction of plaintiff of a misdemeanor, and in permitting the reading to the jury of our opinion affirming the judgment of conviction. 2. (a) Admitting a copy of a letter from the State Land Board, and (b) a purported receipt from a tailor in Denver for a suit of clothes that plaintiff claimed was ruined. 3. Admitting testimony respecting collateral altercations of the plaintiff with third persons on other occasions.

■■ 1. It was error for the trial court to permit the reading of our opinion in the case of *Ferch v. People,* 101 Colo. 471, 74 P. (2d) 712. The assault, for which damages are being sought in the instant case, had no relationship to the conviction upheld by our opinion which was permitted to be read to the jury, and the alleged relationship to the question of damages was so remote as to be wholly negligible. The effect of reading the opinion to the jury was to prejudice the minds of the jurors against plaintiff. Nearly two years had expired from the time of Ferch's arrest in the case above reported to the time of the alleged assault here in issue. The case of *Keeler v. Hoyt,* 57 Colo. 120, 140 Pac. 191, cited by counsel for defendant, is clearly not in point, because there, the subject matter of the opinion was the very contract on which the attorney had relied for compensation in the former case. In a situation such as is presented in the instant case, proof of a conviction of a crime is admissible only when denied, and when evidence of a conviction is admissible, it "should consist of the record of conviction or judgment only, and not the full record * * * nor judicial opinions rendered in the case." 70 C.J. 920, §1125.

■■ 2. (a) Technically, the admission of the copy of the letter from the State Land Board was violative of the best-evidence rule, but since plaintiff admitted having received such a letter, no prejudice resulted. 32 C.J.S. 748, §819. (b) It was error to admit Exhibit 3, the receipt or slip given by the tailor, because it dis-

closed an account against which the statute of limitations had run, and its probable effect on the jury was, that plaintiff was a man who did not pay his bills, an issue entirely foreign to the case.

3. While we think it was error to admit the evidence of other neighborhood rows and altercations, as to them plaintiff. may not be heard to complain, since his counsel injected it into the case, but if there be a retrial, evidence relating thereto should be excluded.

The judgment is reversed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BURKE concur.